UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shixin Lu,

            Petitioner,      Case No. 15-cv-11448
                                  Hon. Judith E. Levy

v.                                       Mag. Judge Anthony P. Patti

Rebecca Adducci, *et al.*,

            Respondents.

_____/

**OPINION AND ORDER DENYING PETITION FOR
HABEAS CORPUS [1] WITHOUT PREJUDICE**

This case is before the Court on Shixin Lu's petition for a writ of habeas corpus challenging her detention in immigration custody. (Dkt. 1.) Petitioner has moved for an expedited hearing on the petition. (Dkt. 3.)

    I.    Background

Lu is a Chinese citizen who states that she had a valid B1/B2 United States visitor's visa from January through May of 2014. In February 2014, Petitioner returned to China to care for her father and complete some outstanding work responsibilities. She returned to the

United States on May 9, 2014, arriving at the Detroit Metropolitan Airport, where she attempted to enter using her visitor's visa.

When Petitioner arrived, a Customs and Border Protection ("CBP") officer examined her because she did not appear to be admissible to the United States. Based on, among other things, Petitioner's admission that her daughter was attending public school while in the United States on a visitor's visa, the CBP officer determined that Petitioner was inadmissible and canceled her visa. Petitioner was offered the chance to withdraw her application for admission to the United States in lieu of being expeditiously removed. She did so, but then expressed a fear of returning to China based on potential persecution as an adherent of Falun Gong. She was then detained pending a credible fear interview that, if successful, would warrant the grant of asylum and permit her to stay in the United States.

On May 19, 2014, an asylum officer found that Petitioner demonstrated a credible fear of persecution if she were returned to China, based on her association with Falun Gong. On May 21, 2014,

Petitioner's request for parole was denied due to Immigration and Customs Enforcement officials' belief that she was a flight risk.

On June 3, 2014, an Immigration Court hearing was held on Petitioner's request, but was continued so that she could obtain counsel. The hearing resumed on June 17, 2014, and Petitioner conceded that she was removable, but would be filing applications for asylum, withholding of removal, and protection under the Convention Against Torture. On July 16, August 14, and September 18, 2014, the Immigration Judge held and continued a hearing on Petitioner's claim for relief from removal.

The Immigration Judge denied Petitioner's applications on November 4, 2014, noting both a lack of credibility based on inconsistent and uncorroborated statements and a failure to show that she met the requirements necessary to succeed on each of her applications. (Dkt. 10-2 at 26-44.) On December 15, 2014, Petitioner appealed that decision to the Board of Immigration Appeals.

On January 12, 2015, Immigration and Customs Enforcement denied Petitioner's second request for parole.

On April 21, 2015, Petitioner filed this petition for a writ of habeas corpus, claiming that her continued detention under 8 U.S.C. § 1225(b) was unlawful and in violation of the Fifth and Fourteenth Amendments, as well as the Immigration and Nationality Act. On May 1, 2015, the Court issued an order requiring a response to the petition, and staying transfer of Petitioner's custody out of the Eastern District of Michigan pending the adjudication of her petition. (Dkt. 4.)

On May 1, 2015, the Board of Immigration Appeals dismissed Petitioner's appeal, making her removal administratively final. (Dkt. 10-7.) On May 8, 2015, Petitioner filed a petition for review of the removal order in the United States Court of Appeals for the Sixth Circuit, Case No. 15-3500. On May 12, 2015, Petitioner filed a motion for a stay of removal in the Court of Appeals. *Lu v. Lynch*, Case No. 15-3500, Dkt. 6. On May 27, 2015, the Court of Appeals denied Petitioner's motion for a stay of removal. *Id.*, Dkt. 11.

On May 28, 2015, Respondents renewed their motion for the Court to vacate its stay of the transfer of Petitioner out of this district. (Dkt. 14.) The Court vacated its stay on May 29, 2015. (Dkt. 15.) On June 3, 2015, Petitioner filed a motion seeking clarification of the Court's order,

inquiring whether the Court only vacated the stay, or also deemed the petition moot and/or dismissed the petition. (Dkt. 16.) The motion also renewed the request for an expedited hearing on the habeas petition, pursuant to the Board of Immigration Appeal's ("BIA") order staying her removal pending its determination of her motion to reopen her case. (Id.)

On June 8, 2015, the Court issued an order clarifying that the May 29, 2015 order only vacated the stay for lack of jurisdiction, and did not rule on the merits of the habeas petition. (Dkt. 18.) The Court also requested that Respondents file a response to the request for an expedited hearing. (Id.) Respondents filed their response on June 17, 2015, opposing the hearing and seeking to have the petition dismissed without prejudice. (Dkt. 19.) Petitioner replied on June 24, 2015. (Dkt. 20.) Pursuant to E.D. Mich. Local R. 7.1(f), this matter will be decided without oral argument.

II. Analysis

Two issues must be resolved before determining whether an expedited hearing on the petition is warranted: first, whether Petitioner's removal order is administratively final, and second,

5

whether the Court may, at this juncture, grant the relief Petitioner requests.

An administratively final removal order was issued on May 1, 2015. (Dkt. 10-7.) Pursuant to that removal order, "a petition for review filed with an appropriate court of appeals in accordance with this section [is] the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]" 8 U.S.C. § 1252(a)(5); *see also Benitez v. Dedvukaj*, 656 F. Supp. 2d 725, 727 (E.D. Mich. 2009) (holding that exclusive jurisdiction over challenges to removal orders lies with the United States Court of Appeals). Petitioner filed her petition for review with the Sixth Circuit on May 8, 2015, and a motion to stay her removal on May 12, 2015. The Sixth Circuit denied the motion to stay Petitioner's removal, and set a briefing schedule to review the order of removal. *Lu v. Lynch*, Case No. 15-3500, Dkt. 12.

Petitioner now argues that the removal order is not administratively final because the BIA has entered a stay of her removal. (Dkt. 16-1.) She contends that "[t]his stay functions as would the stay request that Ms. Lu had previous[ly] filed before the Sixth

6

Circuit." (Dkt. 16 at 9.) If the removal order is not administratively final, Petitioner contends that her period of detention is governed by 8 U.S.C. § 1226, "which permits release on parole and continued district court jurisdiction." (Id.)

Respondents argue that the removal order is administratively final under 8 U.S.C. § 1231(a), and that Petitioner is subject to mandatory detention for the ninety-day period beginning on May 1, 2015.

As Respondents indicate, prior to the issuance of a final order of removal, "[t]he authority to detain an alien . . . is governed by 8 U.S.C. § 1226"; "[a]fter the issuance of a final order of removal, the authority to detain an alien is governed by 8 U.S.C. § 1231." *Parlak v. U.S. Immigration and Customs Enforcement*, Case No. 05-2003, 2006 WL 3634385, at *1 (6th Cir. April 27, 2006) (citations omitted). An order becomes final "upon the earlier of a determination by the Board of Immigration Appeals affirming such order; or the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B)(i)-(ii).

7

When an order is administratively final, "the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the date the order of removal becomes administratively final, the date of the Court of Appeals' final order if the order is judicially reviewed and removal is stayed, or "if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B)(i)-(iii). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2).

The BIA affirmed Petitioner's order of removal on May 1, 2015, making it administratively final. Petitioner argues that the BIA's voluntary stay of her removal operates in the same manner as a stay ordered by a court of appeals, which would mean that the removal period had not yet begun, and the order would not be administratively final. (Dkt. 20 at 9-10.)

Section 1231 states that the removal period begins on the latest of three specific occurrences, two of which are at issue here: when the

8

order becomes administratively final, or when a court of appeals issues a final order regarding a petition for review pursuant to which that court stayed the removal. The removal order in this case is administratively final. The Sixth Circuit determined that it would not stay Petitioner's removal, although it will hear the petition for review. The BIA's decision to voluntarily stay Petitioner's removal is not the "stay of the removal" contemplated under § 1231(a)(1)(B)(ii) for two reasons: first, the BIA's review is an administrative review, rather than a "judicial[] review"; second, whatever decision the BIA makes on Petitioner's motion to reopen her case, it is not a "court's final order." Were the BIA to decide not to reopen Petitioner's case, her recourse would be a petition to the Court of Appeals to review that decision. *Kucana v. Holder*, 558 U.S. 233, 253 (2010).

Petitioner is now detained pursuant to a final administrative order under 8 U.S.C. § 1231. Accordingly, the detainment provisions of that section govern. Petitioner is currently in a mandatory detention period of ninety days under § 1231(a)(1)(2). The Supreme Court has held that a post-removal detention period of six months is

9

presumptively reasonable under § 1231. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Petitioner points to cases governed by the pre-removal guidelines of § 1226. *See, e.g., Ly v. Hansen*, 351 F.3d 263, 265, 271-72 (6th Cir. 2003) (holding that a year and a half detention was excessive where petitioner was still being held under § 1226); *Bourguignon v. MacDonald*, 667 F. Supp. 2d 175, 178 (D. Mass. 2009) (evaluating a prisoner who was being held after his removal order was reopened, rending the order not administratively final). These cases do not apply to detention under § 1231.

Petitioner also relies on *Oyedeji v. Ashcroft*, in which a petitioner was held in custody from 1999 until 2004, including a four-year period from 2000 until 2004, during which the Second Circuit considered, but did not rule on, that petitioner's motion to stay his removal. *Oyedeji*, 332 F. Supp. 2d 747, 750 (M.D. Pa. 2004). Here, however, the Sixth Circuit has denied Petitioner's motion to stay her removal, raising no questions about the administrative finality of the removal order or the applicability of the mandatory detention provision of § 1231 and the reasonable detention limitation of *Zadvydas*.

Petitioner asks that the Court still hear her petition because the combined time she has been detained pre- and post-removal may still violate the Constitution. *See, e.g., Monestime v. Reilly*, 704 F. Supp. 2d 453, 459 (S.D.N.Y. 2010) (holding that detention for eight months under § 1226 was unreasonable under *Zadvydas*); *Oyedeji*, 332 F. Supp. 2d at 775 (combining various periods of pre- and post-removal time in finding that petitioner's length of detention was unreasonable under § 1226). Petitioner has not, however, argued that, even if her pre- and post-removal periods of detention are combined, the Court may upset the mandatory detention provisions of § 1231. *See Monestime*, 704 F. Supp. 2d at 457-58 (noting that the ninety-day removal period is mandatory and that a challenge to post-removal detention begins "[a]fter a period of mandatory detention expires[.]"). The Court cannot conduct a habeas review of mandatory detention at this juncture.

If Petitioner is still in custody six months after her order of removal became final, habeas review at that time may be proper. *Zadvydas*, 533 U.S. at 701; *see also Jiang Lu v. U.S. ICE*, 22 F. Supp. 3d 839, 844 (N.D. Ohio 2014) (denying habeas petition alleging excessive post-removal detention under *Zadvydas*, but dismissing case

without prejudice to any future petition regarding petitioner's continued detention). However, until that time, regardless of the merits of Petitioner's argument that she is not a flight risk and that she should be granted asylum or that she should be released pending the resolution of her motion to reopen in front of the BIA, this Court lacks the authority to hear Petitioner's claims.

III. Conclusion

For the reasons set forth above, it is hereby ordered that:

Petitioner's motion for an expedited hearing (Dkt. 3) is DENIED; and

Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: June 29, 2015          s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                       United States District Judge

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 29, 2015.

                                          s/Felicia M. Moses
                                          FELICIA M. MOSES
                                          Case Manager